IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU H. FKADU,          ) | |
|                           ) | |
|   Plaintiff(s),           ) | No. C 09-4691 CRB (PR) |
|                           ) | |
| vs.                       ) | ORDER OF DISMISSAL WITH |
|                           ) | LEAVE TO AMEND |
| EDWARD FOULK, et al.,     ) | |
|                           ) | (Docket # 2 & 3) |
|   Defendant(s).           ) | |

Plaintiff has filed a pro se amended complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement at Napa State Hospital. He seeks damages and transfer to another state hospital. He also seeks appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff 's statement of claims in his amended complaint is comprised of 15 sentences – one for each of 15 named defendants. In each sentence, plaintiff summarily alleges that each defendant wronged him by, among other things, "torturing me," "falsely accus[ing] me," "mock[ing] my precious faith," and "poisoning me." Such conclusory allegations will not do. In order to state a claim for damages against the named defendants, plaintiff must allege specific facts showing how each of them actually and proximately caused the deprivation of the federally protected rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Put simply, plaintiff must explain how each defendant did or failed to do what he claims they did or failed to do. He will be afforded an opportunity to do so.

C.  Request for Appointment of Counsel and to Proceed IFP

Plaintiff's motion for appointment of counsel (docket # 3) is denied as premature. Plaintiff may renew the motion after he amends.

Based solely oh his affidavit of poverty, plaintiff's request to proceed IFP (docket # 2) is granted.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to

file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  03/19/10

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Fkadu, B2.dwlta.wpd

3